Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:       mark@markmerin.com
              paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF JOSHUA GARBUTT,
STACY POHLMEYER, and BRIAN GARBUTT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF JOSHUA GARBUTT, STACY POHLMEYER, and BRIAN GARBUTT, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

32-year-old JOSHUA GARBUTT was denied necessary medical care and observation by jail staff as a pretrial detainee at the Trinity County Correctional Facility in custody of the COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE, resulting in his death on January 14, 2024.

## JURISDICTION & VENUE

1.      This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has jurisdiction of the state claims under 28 U.S.C. § 1367.

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Garbutt v. County of Trinity*, United States District Court, Eastern District of California, Case No. _____

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Trinity, California.

## EXHAUSTION

4.      On February 28, 2024, the ESTATE OF JOSHUA GARBUTT, STACY POHLMEYER, and BRIAN GARBUTT submitted a government claim to the COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE relating to the claims asserted in this action. (Claim No. TRI24-0010.)

5.      On March 12, 2024, the COUNTY OF TRINITY issued a "Notice of Rejected Claim."

6.      By April 22, 2024, the TRINITY COUNTY SHERIFF'S OFFICE failed or refused to act on the claim.

## PARTIES

7.      Plaintiff ESTATE OF JOSHUA GARBUTT appears by and through real-parties-in-interest Plaintiffs STACY POHLMEYER and BRIAN GARBUTT, the biological parents of JOSHUA GARBUTT, who bring this action pursuant to California Code of Civil Procedure § 377.30. Plaintiffs STACY POHLMEYER and BRIAN GARBUTT bring this action as the successors-in-interest on behalf of JOSHUA GARBUTT. A declaration regarding Plaintiffs STACY POHLMEYER and BRIAN GARBUTT's status as the successors-in-interest to JOSHUA GARBUTT is attached, pursuant to California Code of Civil Procedure § 377.32.

8.      Plaintiff STACY POHLMEYER is a resident of the State of California, County of Shasta. Plaintiff STACY POHLMEYER is the biological mother of JOSHUA GARBUTT. Plaintiff STACY POHLMEYER brings this action: (1) in a representative capacity, as a successor-in-interest on behalf of JOSHUA GARBUTT; and (2) in an individual capacity, on behalf of herself.

9.      Plaintiff BRIAN GARBUTT is a resident of the State of California, County of Shasta. Plaintiff BRIAN GARBUTT is the biological father of JOSHUA GARBUTT. Plaintiff BRIAN GARBUTT brings this action: (1) in a representative capacity, as a successor-in-interest on behalf of

2

JOSHUA GARBUTT; and (2) in an individual capacity, on behalf of himself.

10.     Defendant COUNTY OF TRINITY is located in the State of California. Defendant COUNTY OF TRINITY is a "public entity," pursuant to California Government Code § 811.2.

11.     Defendant TRINITY COUNTY SHERIFF'S OFFICE located in the State of California, COUNTY OF TRINITY. Defendant TRINITY COUNTY SHERIFF'S OFFICE is a "public entity," pursuant to California Government Code § 811.2.

12.     Defendant TIM SAXON is and was, at all times material herein, a law enforcement officer and Sheriff for Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant TIM SAXON is sued in an individual capacity.

13.     Defendants DOE 1 to 20 are and/or were agents or employees of Defendants COUNTY OF TRINITY and/or TRINITY COUNTY SHERIFF'S OFFICE, acting within the scope of agency or employment and under color of state law. Defendants DOE 1 to 20 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

14.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

### Disability

15.     JOSHUA GARBUTT suffered from a diagnosed disability, including substance use disorder. JOSHUA GARBUTT's disability required hospitalization and treatment on occasions prior to his death on January 14, 2024, and substantially limited one or more major life activities, including caring for oneself, concentrating, thinking, and working.

16.     JOSHUA GARBUTT was prescribed medications for his disability, on occasions that he received medical treatment prior to his death on January 14, 2024.

17.     JOSHUA GARBUTT's disability and associated symptoms were exacerbated when he became stressed, discontinued taking medications, and/or abused substances.

### In-Custody Death

18.     On January 11, 2024, JOSHUA GARBUTT was arrested and booked into jail at the

3

Trinity County Correctional Facility, 701 Tom Bell Road, Weaverville, CA 96093, as a pre-trial detainee on minor misdemeanor charges.

19.     JOSHUA GARBUTT had a history of incarceration at the jail, including at least four arrests over the previous two months for other minor misdemeanor charges.

20.     Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE's records for JOSHUA GARBUTT documented a "Problem List," including "Chronic hepatitis C," "Abnormal abdominal ultrasound," "Methamphetamine dependence," "Pleuritic chest pain," and "Opioid dependence with withdrawal."

21.     On prior occasions, Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE's jail staff transported JOSHUA GARBUTT to the hospital for medical clearance prior to booking and incarceration at the jail, including to address drug-related symptoms and withdrawal concerns, because JOSHUA GARBUTT was a documented drug user with a heart condition.

22.     On this occasion, Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE's jail staff did not transport JOSHUA GARBUTT to a hospital for medical clearance prior to booking and incarceration at the jail.

23.     JOSHUA GARBUTT's "[i]ntake paperwork states a history of daily Fentanyl use prior to incarceration."

24.     Upon intake, JOSHUA GARBUTT exhibited symptoms of withdrawal, including vomiting and diarrhea.

25.     Defendants DOE 1 to 10, medical staff at the jail, performed an inadequate medical screening for JOSHUA GARBUTT, including by failing to issue other routine orders, such as Clinical Opiate Withdrawal Scale (COWS) and Clinical Institute Withdrawal Assessment (CIWA) assessments, detox regimens, and/or an urgent referral to a medical provider.

26.     Defendants DOE 1 to 10 could and should have conducted an adequate medical screening of JOSHUA GARBUTT and issued routine orders, especially in consideration of JOSHUA GARBUTT's documented history of fentanyl and substance use disorders.

27.     Defendants DOE 1 to 10 failed to comply with California Code of Regulations title 15 § 1207 (Medical Receiving Screening), California Code of Regulations title 15 § 1208 (Access to

4

Treatment), California Code of Regulations title 15 § 1210 (Individualized Treatment Plans), California Code of Regulations title 15 § 1213 (Detoxification Treatment), and the policies, procedures, and training of the National Commission on Correctional Health Care, Standards for Health Services in Jails ("NCCHC") and Trinity County Sheriff's Office ("TCSO") Custody Manual, including: NCCHC Standard J-F-01 (Ongoing Care for Chronic Illness); NCCHC Standard J-E-02 (Receiving Screening); NCCHC Standard J-E-04 (Initial Health Assessment); TCSO Custody Manual Policy 602 (Incarcerated Persons with Disabilities); TCSO Custody Manual Policy 701 (Access to Care); TCSO Custody Manual Policy 703 (Referrals and Coordination of Specialty Care); TCSO Custody Manual Policy 710 (Medical Screening); TCSO Custody Manual Policy 716 (Detoxification and Withdrawal); and TCSO Custody Manual Policy 724 (Medical Assessment Protocols).

28.     From January 11, 2024, to January 14, 2024, JOSHUA GARBUTT's condition noticeably deteriorated over the course of several days while he was housed at the jail.

29.     Defendants DOE 1 to 10, medical staff at the jail, and Defendants DOE 11 to 20, custody staff at the jail, inadequately supervised, monitored, and observed JOSHUA GARBUTT's deteriorating condition and immediate medical needs.

30.     Defendants DOE 1 to 20 could and should have supervised, monitored, and observed JOSHUA GARBUTT's immediate medical needs and timely responded. For example, Defendants DOE 1 to 10 could have provided medical treatment and care to JOSHUA GARBUTT, transferred JOSHUA GARBUTT to a facility that could provide adequate medical treatment and care, or more frequently monitored JOSHUA GARBUTT's medical condition to ensure that it did not deteriorate or endanger him. Defendants DOE 11 to 20 could have more frequently monitored JOSHUA GARBUTT's medical condition to summon necessary medical treatment and care and responded more quickly to JOSHUA GARBUTT's immediate medical needs.

31.     Defendants DOE 11 to 20, custody staff at the jail, conducted inadequate "safety checks" of the cell in which JOSHUA GARBUTT was housed, including by failing timely to supervise, monitor, observe, and report JOSHUA GARBUTT's deteriorating medical condition.

32.     Defendants DOE 11 to 20 failed to comply with California Code of Regulations title 15 § 1027 (Number of Personnel), California Code of Regulations title 15 § 1027.5 (Safety Checks), and the

5

policies, procedures, and training of the California Commission on Peace Officer Standards and Training ("POST") and Trinity County Sheriff's Office ("TCSO") Custody Manual, including: POST Learning Domain 31 (Custody); TCSO Custody Manual Policy 504 (Safety Checks); TCSO Custody Manual Policy 602 (Incarcerated Persons with Disabilities); TCSO Custody Manual Policy 701 (Access to Care); TCSO Custody Manual Policy 703 (Referrals and Coordination of Specialty Care); TCSO Custody Manual Policy 710 (Medical Screening); TCSO Custody Manual Policy 716 (Detoxification and Withdrawal); and TCSO Custody Manual Policy 724 (Medical Assessment Protocols).

33.     On January 14, 2024, JOSHUA GARBUTT was found lying on the floor of his cell with shallow breathing and "dark brown vomit" and diarrhea covering his person.

34.     Defendants 11 to 20 reported that JOSHUA GARBUTT was "last seen normal 45 minutes [prior]."

35.     Medical staff responded to JOSHUA GARBUTT's cell and performed CPR for approximately 30 minutes.

36.     At 3:14 a.m., JOSHUA GARBUTT was pronounced dead.

37.     Defendants DOE 1 to 20's indifference to and disregard of JOSHUA GARBUTT's deteriorating medical condition and immediate medical needs caused his death.

38.     Redding Police Department personnel contacted and informed Plaintiff STACY POHLMEYER that JOSHUA GARBUTT had died in the Trinity County Jail of suspected "complications due to drug use."

### Records Request

39.     On January 26, 2024, Plaintiff STACY POHLMEYER, through her counsel, made a request for JOSHUA GARBUTT's medical records to the Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON, pursuant to California Evidence Code § 1158.

40.     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON ignored and failed to respond to Plaintiff STACY POHLMEYER's medical records request.

41.     On February 12, 2024, Plaintiff STACY POHLMEYER, through her counsel, contacted

1  Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE's jail commander,

2  Ryan Lynn, re-sent the medical records request and asked for a response.

3       42.    On February 22, 2024, Plaintiff STACY POHLMEYER, through her counsel, contacted

4  Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE's records

5  technicians, including Chelsea Niewinski and Lori Alsup, re-sent the medical records request and asked

6  for a response.

7       43.    On February 23, 2024, Michelle Nasise, an attorney purportedly "represent[ing] the

8  County of Trinity in the capacity of County Counsel," wrote to Plaintiff STACY POHLMEYER's

9  counsel, stating that Defendant COUNTY OF TRINITY refused to produce JOSHUA GARBUTT's

10  medical records and falsely characterized Plaintiff STACY POHLMEYER's medical records request as

11  one made under the "Public Records Act."

12       44.    Later, on February 23, 2024, Plaintiff STACY POHLMEYER's counsel responded to

13  Michelle Nasise's correspondence explaining that Plaintiff STACY POHLMEYER did "not ma[k]e a

14  'Public Records Act Request,' as [her] letter characterize[d] it" but, "[r]ather, … made a request for the

15  decedent's medical records pursuant to California Evidence Code § 1158." A response was again

16  requested.

17       45.    Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM

18  SAXON, and Michelle Nasise once again ignored and failed to respond to Plaintiff STACY

19  POHLMEYER's medical records request.

20       46.    Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and

21  TIM SAXON's withholding of JOSHUA GARBUTT's medical records has prevented Plaintiffs

22  ESTATE OF JOSHUA GARBUTT, STACY POHLMEYER, and BRIAN GARBUTT from discovering

23  essential facts and circumstances related to JOSHUA GARBUTT's death.

24                         **POLICY / CUSTOM ALLEGATIONS**

25       47.    Defendant TIM SAXON, in his capacity as Sheriff, is and was a final policymaking

26  official for Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE,

27  including as it relates to the maintenance and operation of jail and detention facilities; training,

28  supervision, and discipline of staff acting under his command; and the safekeeping of inmates/prisoners

in his custody. *See* Cal. Const. Art. XI § 1(b); Cal. Pen. Code § 4000; Cal. Pen. Code § 4006; Cal. Gov. Code § 26605; Cal. Gov. Code § 26610. Specifically, Defendant TIM SAXON is and was responsible for the provision of medical care to inmates/prisoners in his custody at Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE's jail facilities, including assessment of inmates for medical emergencies, medical needs, and all policies, procedures, customs, hiring, staffing, supervision, and training related thereto. Trinity County Sheriff's Office Custody Manual Policy 100 (Organizational Structure and Responsibility).

48.     Defendant TIM SAXON has served as Sheriff for Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE since 2018.

49.     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON, including subordinate personnel, Defendants DOE 1 to 20, maintain and/or acted pursuant to inadequate polices, customs, training, and/or supervision, resulting in the following deficiencies:

(a)     failure adequately to observe, monitor, and supervise inmates within the jail;

(b)     failure adequately to staff the jail with necessary officials, staff, and personnel;

(c)     failure adequately to detect and investigate, intervene, and intercede when dangerous and emergency conditions are present inside the jail;

(d)     failure adequately to diagnose, monitor, and treat inmates' necessary and immediate medical needs; and

(e)     failure adequately to summon and provide necessary and immediate medical care for inmates with necessary and immediate medical needs.

50.     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON, including subordinate personnel, Defendants DOE 1 to 20, were deliberately indifferent to JOSHUA GARBUTT's safety and health, and knew or should have known that JOSHUA GARBUTT was at risk of harm, based on the following circumstances:

(a)     jail staff, including Defendants DOE 1 to 20, failed adequately to observe, monitor, and supervise inmates within the jail, including JOSHUA GARBUTT;

(b)     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON failed adequately to staff the jail with necessary officials, staff, and personnel,

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Garbutt v. County of Trinity*, United States District Court, Eastern District of California, Case No. _____

including during JOSHUA GARBUTT's incarceration;

  (c) jail staff, including Defendants DOE 1 to 20, failed adequately to detect and investigate, intervene, and intercede when dangerous and emergency conditions were present inside the jail, including JOSHUA GARBUTT's medical need;

  (d) jail staff, including Defendants DOE 1 to 20, failed adequately to diagnose, monitor, and treat inmates' necessary and immediate medical needs, including JOSHUA GARBUTT's medical need; and

  (e) jail staff, including Defendants DOE 1 to 20, failed adequately to summon and provide necessary and immediate medical care for inmates with necessary and immediate medical needs, including JOSHUA GARBUTT's medical need.

 51. Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON's policies and customs are inconsistent with state law and widely-accepted standards. For example:

  (a) California Code of Regulations title 15 § 1027 (Number of Personnel/Medical Receiving Screening)

  (b) California Code of Regulations title 15 § 1027.5 (Safety Checks)

  (c) California Code of Regulations title 15 § 1028 (Access to Treatment)

  (d) California Code of Regulations title 15 § 1210 (Individualized Treatment Plans)

  (e) California Code of Regulations title 15 § 1213 (Detoxification Treatment)

  (f) National Commission on Correctional Health Care ("NCCHC") Standards for Health Services in Jails, including J-A-01 (Access to Care); J-C-04 (Health Training for Correctional Officers); J-C-07 (Staffing); J-D-08 (Hospitals and Specialty Care); J-E-02 (Receiving Screening); J-E-04 (Initial Health Assessment); J-E-08 (Nursing Assessment Protocols and Procedures); J-E-09 (Continuity, Coordination, and Quality of Care During Incarceration); J-F-01 (Ongoing Care for Chronic Illness); and J-F-04 (Medically Supervised Withdrawal and Treatment).

  (g) Institute for Medical Quality ("IMQ") Standards, including 110 (Transfer of Inmates with Acute Illness); 204 (Basic Training for Correctional Personnel); 302 (Receiving Screening); 303 (Substance Abuse); 304 (Access to Treatment); 306 (Clinic Care); 307 (Health Inventory &

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Garbutt v. County of Trinity*, United States District Court, Eastern District of California, Case No. _____

Communicable Disease Screening); 318 (Standardized Procedures/Treatment Protocols); 319 (Continuity of Care); and 328 (Health Maintenance).

(h)     American Correctional Association ("ACA") Standards, including 4-ALDF-2A-15 (Staffing); 4-ALDF-5A-04, 4-ALDF-5A-06, 4-ALDF-5A-07 (Substance Abuse Programs); 4-ALDF-7B-10 (Training and Staff Development); 4-ALDF-4C-01 (Access to Care); 4-ALDF-4C-05 (Referrals);  4-ADLF-4C-22 (Health Screens); 4-ALDF-4C-24 (Health Appraisal), 4-ALDF-4C-25 (Health Appraisal); 4-ALDF-4C-36 (Detoxification); 4-ALDF-4C-37 (Management of Chemical Dependency); 4-ALDF-4D-20 (Transfer); 1-HC-1A-01 (Access to Care); 1-HC-4A-05 (Staffing/Referrals); 1-HC-4A-07 (Transfers); 1-HC-1A-19 (Health Screens); 1-HC-1A-22, 1-HC-1A-23 (Health Appraisal); 1-HC-1A-33 (Detoxification); and 1-HC-1A-34 (Management of Chemical Dependency).

52.     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON maintain a policy or custom whereby jail staff, including Defendants DOE 1 TO 20, inadequately diagnose, monitor, and provide care for inmates, including failure to respond to immediate medical needs. For example:

(a)     One week prior to JOSHUA GARBUTT's death, on January 8, 2024, John Swain, an inmate housed inside the same cell in which JOSHUA GARBUTT later died, was able to commit suicide by hanging himself, without detection or intervention by jail staff.

(b)     On February 26, 2023, another inmate at the jail was also able to hang himself, without detection or intervention by jail staff.

53.     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON do not meaningfully discipline, re-train, correct, or otherwise penalize jail staff involved in critical incidents where preventable deaths and injuries are sustained by inmates, including those described above. Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON's failure to correct the inadequate policies, customs, and practices described above, as evidenced by the preventable deaths and injuries sustained by inmates at the jail prior to JOSHUA GARBUTT's death, contributed to JOSHUA GARBUTT's death at the jail.

54.     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON were or should have been on notice regarding the need to discontinue, modify, or

1  implement new and different versions of the deficient policies or customs because the inadequacies and

2  deficiencies were so obvious and likely to result in the violation of rights of persons, including the death

3  of JOSHUA GARBUTT.

4      55.    Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and

5  TIM SAXON's inadequate policies, customs, training, supervision, and control of personnel and inmates

6  were a moving force behind and contributed to the death of JOSHUA GARBUTT.

7  **FIRST CLAIM**

8  **Deliberate Indifference / Special Relationship**

9  **(U.S. Const. Amend. XIV; 42 U.S.C. § 1983)**

10      56.    Plaintiff ESTATE OF JOSHUA GARBUTT asserts this Claim (pursuant to California

11  Code of Civil Procedure § 377.30) against Defendants COUNTY OF TRINITY, TRINITY COUNTY

12  SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20.

13      57.    The allegations of the preceding paragraphs 1 to 55 are realleged and incorporated, to the

14  extent relevant and as if fully set forth in this Claim.

15      58.    *Individual Liability*: Defendants DOE 1 to 20 inadequately screened, classified, assigned,

16  housed, monitored, and responded to JOSHUA GARBUTT based on an immediate medical need, putting

17  him at substantial risk of suffering serious harm, without taking reasonable available measures to abate

18  that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk

19  involved, in violation of the Fourteenth Amendment to the United States Constitution.

20      59.    *Municipal/Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY

21  COUNTY SHERIFF'S OFFICE, and TIM SAXON maintained policies or customs of action and

22  inaction resulting in harm to JOSHUA GARBUTT, in violation of the Fourteenth Amendment to the

23  United States Constitution.

24      60.    Defendants TIM SAXON and DOE 1 to 20's actions and inactions were motivated by evil

25  motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or

26  oppressively done.

27      61.    JOSHUA GARBUTT was injured as a direct and proximate result of Defendants

28  COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20's

1   actions and inactions, entitling Plaintiff ESTATE OF JOSHUA GARBUTT to receive

2   compensatory/survival and nominal damages against Defendants COUNTY OF TRINITY, TRINITY

3   COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20; and punitive damages against

4   Defendants TIM SAXON and DOE 1 to 20.

5        WHEREFORE, Plaintiff ESTATE OF JOSHUA GARBUTT prays for relief as hereunder

6   appears.

7   ## SECOND CLAIM

8   ### Title II of the Americans with Disabilities Act

9   ### (42 U.S.C. § 12101, *et seq.*)

10      62.    Plaintiff ESTATE OF JOSHUA GARBUTT (pursuant to Cal. Code Civ. Proc. § 377.30)

11  asserts this Claim against Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S

12  OFFICE.

13      63.    The allegations of the preceding paragraphs 1 to 55 are realleged and incorporated, to the

14  extent relevant and as if fully set forth in this Claim.

15      64.    Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE

16  qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104.

17  JOSHUA GARBUTT had an impairment that substantially limited one or more major life activities and

18  had a record of such an impairment.

19      65.    *Vicarious Liability*: Defendants DOE 1 to 20 failed reasonably to accommodate JOSHUA

20  GARBUTT's disability, where they could have provided a reasonable accommodation, including by: (a)

21  conducting an adequate medical screening for JOSHUA GARBUTT; (b) issuing routine medical orders

22  for JOSHUA GARBUTT, such as Clinical Opiate Withdrawal Scale (COWS) and Clinical Institute

23  Withdrawal Assessment (CIWA) assessments, alcohol and opioid detox regimens, or an urgent referral to

24  a medical provider; (c) conducting a timely medical screening for JOSHUA GARBUTT; (d) transferring

25  JOSHUA GARBUTT to a facility that could provide necessary medical care or treatment; (e) monitoring

26  JOSHUA GARBUTT based on an immediate medical need; and/or (f) timely responding to JOSHUA

27  GARBUTT based on an immediate medical need, with deliberate indifference or reckless disregard, in

28  violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Garbutt v. County of Trinity*, United States District Court, Eastern District of California, Case No. _____

66.    *Municipal/Vicarious Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON maintained policies or customs of action and inaction resulting in harm to JOSHUA GARBUTT, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

67.    Plaintiff JOSHUA GARBUTT was injured as a direct and proximate result of Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JOSHUA GARBUTT to receive compensatory/survival and nominal damages against Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE.

WHEREFORE, Plaintiff ESTATE OF JOSHUA GARBUTT prays for relief as hereunder appears.

## THIRD CLAIM

### Section 504 of the Rehabilitation Act

### (29 U.S.C. § 701, *et seq.*)

68.    Plaintiff ESTATE OF JOSHUA GARBUTT (pursuant to Cal. Code Civ. Proc. § 377.30) asserts this Claim against Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE.

69.    The allegations of the preceding paragraphs 1 to 55 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

70.    Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104, and receive federal financial assistance. JOSHUA GARBUTT had an impairment that substantially limited one or more major life activities and had a record of such an impairment.

71.    *Vicarious Liability*: Defendants DOE 1 to 20 failed reasonably to accommodate JOSHUA GARBUTT's disability, where they could have provided a reasonable accommodation, including by: (a) conducting an adequate medical screening for JOSHUA GARBUTT; (b) issuing routine medical orders for JOSHUA GARBUTT, such as Clinical Opiate Withdrawal Scale (COWS) and Clinical Institute Withdrawal Assessment (CIWA) assessments, alcohol and opioid detox regimens, or an urgent referral to

13

1   a medical provider; (c) conducting a timely medical screening for JOSHUA GARBUTT; (d) transferring

2   JOSHUA GARBUTT to a facility that could provide necessary medical care or treatment; (e) monitoring

3   JOSHUA GARBUTT based on an immediate medical need; and/or (f) timely responding to JOSHUA

4   GARBUTT based on an immediate medical need, with deliberate indifference or reckless disregard, in

5   violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

6          72.    *Municipal/Vicarious Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY

7   SHERIFF'S OFFICE, and TIM SAXON maintained policies or customs of action and inaction resulting

8   in harm to JOSHUA GARBUTT, with deliberate indifference or reckless disregard, in violation of the

9   Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

10          73.    Plaintiff JOSHUA GARBUTT was injured as a direct and proximate result of Defendants

11   COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20's

12   actions and inactions, entitling Plaintiff ESTATE OF JOSHUA GARBUTT to receive

13   compensatory/survival and nominal damages against Defendants COUNTY OF TRINITY and TRINITY

14   COUNTY SHERIFF'S OFFICE.

15          WHEREFORE, Plaintiff ESTATE OF JOSHUA GARBUTT prays for relief as hereunder

16   appears.

17                                **FOURTH CLAIM**

18                    **Unwarranted Interference with Familial Association**

19                     **(U.S. Const. Amend. XIV; 42 U.S.C. § 1983)**

20          74.    Plaintiffs STACY POHLMEYER and BRIAN GARBUTT assert this Claim against

21   Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and

22   DOE 1 to 20.

23          75.    The allegations of the preceding paragraphs 1 to 55 are realleged and incorporated, to the

24   extent relevant and as if fully set forth in this Claim.

25          76.    Plaintiffs STACY POHLMEYER and BRIAN GARBUTT shared a close relationship and

26   special bond with JOSHUA GARBUTT, which included deep attachments, commitments, and

27   distinctively personal aspects of their lives and was typical of a loving parent-child relationship, prior to

28   his death. Plaintiffs STACY POHLMEYER and BRIAN GARBUTT frequently visited and spoke with

                                          14

JOSHUA GARBUTT.

77.     *Individual/Municipal/Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20 caused the unwarranted interference with, and premature termination of, Plaintiffs STACY POHLMEYER and BRIAN GARBUTT's familial association with JOSHUA GARBUTT, in the violation of the Fourteenth Amendment to the United States Constitution.

78.     Defendants TIM SAXON and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

79.     Plaintiffs STACY POHLMEYER and BRIAN GARBUTT were injured as a direct and proximate result of Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20's actions and inactions, entitling them to receive compensatory/wrongful death and nominal damages against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20; and punitive damages against Defendants TIM SAXON and DOE 1 to 20.

WHEREFORE, Plaintiffs STACY POHLMEYER and BRIAN GARBUTT pray for relief as hereunder appears.

## FIFTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. I; 42 U.S.C. § 1983)

80.     Plaintiffs STACY POHLMEYER and BRIAN GARBUTT assert this Claim against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, JAMIE HERBST, MARIACELINE CLAMOR, and DOE 1 to 20.

81.     The allegations of the preceding paragraphs 1 to 55 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

82.     Plaintiffs STACY POHLMEYER and BRIAN GARBUTT shared a close relationship and special bond with JOSHUA GARBUTT, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a loving parent-child relationship, prior to

15

his death. Plaintiffs STACY POHLMEYER and BRIAN GARBUTT frequently visited and spoke with JOSHUA GARBUTT.

83.     *Individual/Municipal/Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20 caused the unwarranted interference with, and premature termination of, Plaintiffs STACY POHLMEYER and BRIAN GARBUTT's familial association with JOSHUA GARBUTT, in the violation of the First Amendment to the United States Constitution.

84.     Defendants TIM SAXON and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

85.     Plaintiffs STACY POHLMEYER and BRIAN GARBUTT were injured as a direct and proximate result of Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20's actions and inactions, entitling them to receive compensatory/wrongful death and nominal damages against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20; and punitive damages against Defendants TIM SAXON, and DOE 1 to 20.

WHEREFORE, Plaintiffs STACY POHLMEYER and BRIAN GARBUTT pray for relief as hereunder appears.

## SIXTH CLAIM

### Failure to Summon Medical Care

### (Cal. Gov. Code § 845.6)

86.     Plaintiff ESTATE OF JOSHUA GARBUTT asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20.

87.     The allegations of the preceding paragraphs 1 to 55 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

88.     *Individual Liability*: Defendants DOE 1 to 20 knew or had reason to know that JOSHUA GARBUTT was in need of immediate medical care and failed to take reasonable action to summon such

16

medical care, in violation of California Government Code § 845.6.

89.     *Municipal/Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON maintained policies or customs of action and inaction resulting in harm to JOSHUA GARBUTT, in violation of California Government Code § 845.6.

90.     *Vicarious Liability*: Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants TIM SAXON and DOE 1 to 20.

91.     Defendants TIM SAXON and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

92.     JOSHUA GARBUTT was injured as a direct and proximate result of Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JOSHUA GARBUTT to receive compensatory/survival and nominal damages against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20; and punitive damages against Defendants TIM SAXON and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JOSHUA GARBUTT prays for relief as hereunder appears.

## SEVENTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

93.     Plaintiffs ESTATE OF JOSHUA GARBUTT (pursuant to California Code of Civil Procedure § 377.30), STACY POHLMEYER, and BRIAN GARBUTT assert this Claim against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20.

94.     The allegations of the preceding paragraphs 1 to 92 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Deliberate Indifference / Special Relationship

95.    *Individual Liability*: Defendants DOE 1 to 20 inadequately screened, classified, assigned, housed, monitored, and responded to JOSHUA GARBUTT based on an immediate medical need, putting him at substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, with deliberate indifference or reckless disregard, in violation of the Fourteenth Amendment to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

96.    *Municipal/Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON maintained policies or customs of action and inaction resulting in harm to JOSHUA GARBUTT, with deliberate indifference or reckless disregard, in violation of the Fourteenth Amendment to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

Title II of the Americans with Disabilities Act & Section 504 of the Rehabilitation Act

97.    *Vicarious Liability*: Defendants DOE 1 to 20 failed reasonably to accommodate JOSHUA GARBUTT's disability, where they could have provided a reasonable accommodation, including by: (a) conducting an adequate medical screening for JOSHUA GARBUTT; (b) issuing routine medical orders for JOSHUA GARBUTT, such as Clinical Opiate Withdrawal Scale (COWS) and Clinical Institute Withdrawal Assessment (CIWA) assessments, alcohol and opioid detox regimens, or an urgent referral to a medical provider; (c) conducting a timely medical screening for JOSHUA GARBUTT; (d) transferring JOSHUA GARBUTT to a facility that could provide necessary medical care or treatment; (e) monitoring JOSHUA GARBUTT based on an immediate medical need; and/or (f) timely responding to JOSHUA GARBUTT based on an immediate medical need, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; and the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

98.    *Municipal/Vicarious Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON maintained policies or customs of action and inaction resulting in harm to JOSHUA GARBUTT, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; and the Rehabilitation Act, 29 U.S.C. § 794,

18

*et seq.*

Unwarranted Interference with Familial Association

99.    *Individual/Municipal/Supervisory Liability* Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20 caused the unwarranted interference with, and premature termination of, Plaintiffs STACY POHLMEYER and BRIAN GARBUTT's familial association with JOSHUA GARBUTT, with deliberate indifference or reckless disregard, in violation of the First and Fourteenth Amendments to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

Failure to Summon Medical Care

100.    *Individual Liability*: Defendants DOE 1 to 20 knew or had reason to know that JOSHUA GARBUTT was in need of immediate medical care and failed to take reasonable action to summon such medical care, with deliberate indifference or reckless disregard, in violation of California Government Code § 845.6.

101.    *Municipal/Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON maintained policies or customs of action and inaction resulting in harm to JOSHUA GARBUTT, with deliberate indifference or reckless disregard, in violation of California Government Code § 845.6.

Failure to Provide Adequate Medical Screening and Care and Staffing

102.    *Individual Liability*: Defendants DOE 1 to 10 failed to provide adequate health screening and care to JOSHUA GARBUTT, with deliberate indifference or reckless disregard, in violation of California Code of Regulations title 15 § 1207 (Medical Receiving Screening); and California Code of Regulations title 15 § 1208 (Access to Treatment).

103.    *Municipal/Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON maintained policies or customs of action and inaction resulting in harm to Plaintiff JOSHUA GARBUTT, with deliberate indifference or reckless disregard, in violation of California Code of Regulations title 15 § 1027 (Number of Personnel); California Code of Regulations title 15 § 1208 (Access to Treatment); and California Code of Regulations title 15 § 1207 (Medical Receiving Screening).

Failure to Provide Adequate Detox/Treatment

104.    *Individual Liability*: Defendants DOE 1 to 10 failed to provide adequate health screening and care to JOSHUA GARBUTT, with deliberate indifference or reckless disregard, in violation of California Code of Regulations title 15 § 1210 (Individualized Treatment Plans); and California Code of Regulations title 15 § 1213 (Detoxification Treatment).

105.    *Municipal/Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON maintained policies or customs of action and inaction resulting in harm to Plaintiff JOSHUA GARBUTT, with deliberate indifference or reckless disregard, in violation of California Code of Regulations title 15 § 1027 (Number of Personnel); California Code of Regulations title 15 § 1210 (Individualized Treatment Plans); and California Code of Regulations title 15 § 1213 (Detoxification Treatment).

Failure to Provide Adequate Safety Checks and Staffing

106.    *Individual Liability*: Defendants DOE 11 to 20 failed to provide adequate monitoring, supervision, and safety checks on JOSHUA GARBUTT, with deliberate indifference or reckless disregard in violation of California Code of Regulations title 15 § 1027.5 (Safety Checks).

107.    *Municipal/Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON maintained policies or customs of action and inaction resulting in harm to JOSHUA GARBUTT, with deliberate indifference or reckless disregard in violation of California Code of Regulations title 15 § 1027 (Number of Personnel); and California Code of Regulations title 15 § 1027.5 (Safety Checks).

(Allegations Common to All Theories)

108.    *Vicarious Liability*: Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants TIM SAXON and DOE 1 to 20.

109.    Defendants TIM SAXON and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

20

110.    JOSHUA GARBUTT and Plaintiffs STACY POHLMEYER and BRIAN GARBUTT were injured as a direct and proximate result of Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20's actions and inactions, entitling Plaintiffs ESTATE OF JOSHUA GARBUTT, STACY POHLMEYER, and BRIAN GARBUTT to receive compensatory/survival and wrongful death and treble damages and civil/statutory penalties against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20; and punitive damages against Defendants TIM SAXON and DOE 1 to 20.

WHEREFORE, Plaintiffs ESTATE OF JOSHUA GARBUTT, STACY POHLMEYER, and BRIAN GARBUTT pray for relief as hereunder appears.

## EIGHTH CLAIM

### Intentional Infliction of Emotional Distress

111.    Plaintiff ESTATE OF JOSHUA GARBUTT asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants DOE 1 to 20.

112.    The allegations of the preceding paragraphs 1 to 46 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

113.    Defendants DOE 1 to 20 engaged in outrageous conduct, including by inadequately screening, classifying, assigning, housing, monitoring, and responding to JOSHUA GARBUTT based on an immediate medical need in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, with intent or reckless disregard of the probability that JOSHUA GARBUTT would suffer emotional distress and he did suffer severe emotional distress.

114.    Defendants DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

115.    JOSHUA GARBUTT was injured as a direct and proximate result of Defendants DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JOSHUA GARBUTT to receive compensatory/survival and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JOSHUA GARBUTT prays for relief as hereunder appears.

## NINTH CLAIM

### Negligence

116.     Plaintiff ESTATE OF JOSHUA GARBUTT asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20.

117.     The allegations of the preceding paragraphs 1 to 115 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

118.     *Individual Liability*: Defendants DOE 1 to 20 owed a duty of care to JOSHUA GARBUTT and breached a duty, including by inadequately screening, classifying, assigning, housing, monitoring, and responding to JOSHUA GARBUTT based on an immediate medical need in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

119.     *Supervisory Liability*: Defendant TIM SAXON owed a duty of care to JOSHUA GARBUTT, including based on a special relationship with JOSHUA GARBUTT as a jailer, and/or based on a special relationship with Defendants DOE 1 to 20 as an employer, and breached that duty, including by maintaining policies or customs of action and inaction which resulted in harm to JOSHUA GARBUTT in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

120.     *Municipal Liability*: Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE maintained policies or customs of action and inaction resulting in harm to JOSHUA GARBUTT, in violation of California Government Code § 845.6 and California Code of Regulations title 15 §§ 1027, 1027.5, 1028, 1210, 1213.

121.     *Vicarious Liability*: Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants TIM SAXON and DOE 1 to 20.

122.     Defendants TIM SAXON and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

123.     JOSHUA GARBUTT was injured as a direct and proximate result of Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JOSHUA GARBUTT to receive compensatory/survival damages against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20; and punitive damages against Defendants TIM SAXON, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JOSHUA GARBUTT prays for relief as hereunder appears.

## TENTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60)

124.     Plaintiffs STACY POHLMEYER and BRIAN GARBUTT asserts this Claim against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20.

125.     The allegations of the preceding paragraphs 1 to 123 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

126.     *Individual Liability*: Defendants DOE 1 to 20 caused JOSHUA GARBUTT's death by wrongful act and neglect, including by inadequately screening, classifying, assigning, housing, monitoring, and responding to JOSHUA GARBUTT based on an immediate medical need in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

127.     *Municipal/Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON caused JOSHUA GARBUTT's death by wrongful act and neglect, including by maintained policies or customs of action and inaction resulting in harm to JOSHUA GARBUTT in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards,

and/or California Civil Code § 1714(a).

128.   *Vicarious Liability*: Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants TIM SAXON and DOE 1 to 20.

129.   Defendants TIM SAXON and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

130.   JOSHUA GARBUTT died as a direct and proximate result of Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20's actions and inactions, entitling Plaintiffs STACY POHLMEYER and BRIAN GARBUTT to receive compensatory/wrongful death damages against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20; and punitive damages against Defendants TIM SAXON and DOE 1 to 20.

WHEREFORE, Plaintiffs STACY POHLMEYER and BRIAN GARBUTT pray for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ESTATE OF JOSHUA GARBUTT, STACY POHLMEYER, and BRIAN GARBUTT seek Judgment as follows:

1.   For an award of compensatory, general, special, and nominal damages (including survival and wrongful death damages under federal and state law) against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20, in excess of $20,000,000, according to proof at trial;

2.   For an award of exemplary/punitive damages against Defendants TIM SAXON and DOE 1 to 20, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, or malice resulting in great harm;

24

3.      For funeral and/or burial expenses;

4.      For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, and DOE 1 to 20, pursuant to California Civil Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE, pursuant to California Civil Code § 818);

5.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, California Civil Code § 52.1, California Code of Civil Procedure § 1021.5, and any other statute as may be applicable;

6.      For interest; and

7.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: May 1, 2024                              Respectfully Submitted,

By: _____
        Mark E. Merin
        Paul H. Masuhara
        LAW OFFICE OF MARK E. MERIN
        1010 F Street, Suite 300
        Sacramento, California 95814
        Telephone: (916) 443-6911
        Facsimile: (916) 447-8336

        Attorneys for Plaintiffs
        ESTATE OF JOSHUA GARBUTT,
        STACY POHLMEYER, and BRIAN GARBUTT

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF JOSHUA GARBUTT, STACY POHLMEYER, and BRIAN GARBUTT.

Dated: May 1, 2024                               Respectfully Submitted,

By: _____
      Mark E. Merin
      Paul H. Masuhara
      LAW OFFICE OF MARK E. MERIN
      1010 F Street, Suite 300
      Sacramento, California 95814
      Telephone: (916) 443-6911
      Facsimile: (916) 447-8336

      Attorneys for Plaintiffs
      ESTATE OF JOSHUA GARBUTT,
      STACY POHLMEYER, and BRIAN GARBUTT